# Exhibit

## A

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 05/07/2021

Plaintiff designates
Orange County
as the place of trial.

The basis of venue is the
Plaintiff's residence address.

Plaintiff resides in
Middletown, NY 10940

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
--------------------------------------------------------X
ROBIN PARKER,

                Plaintiff,

-against-

WALMART SUPERCENTER, STORE # 1959,
WALMART STORES EAST, LP and
WALMART, INC.,

                Defendants.
--------------------------------------------------------X

To the above-named defendant(s):

      YOU ARE HEREBY SUMMONED, to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

                                      SOBO & SOBO, LLP

                                      William Thonus
                                      Attorneys for Plaintiff
                                      One Dolson Avenue
                                      Middletown, NY 10940
                                      (845) 343-7626

Dated: May 6, 2021
        Middletown, New York
Defendants' addresses: See Complaint

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 05/07/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
---------------------------------------------------------------X
ROBIN PARKER,

                              Plaintiff,

            -against-

WALMART SUPERCENTER, STORE # 1959,
WALMART STORES EAST, LP and
WALMART, INC.,

                              Defendants.
---------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No:

      Plaintiff, ROBIN PARKER, by her attorneys, SOBO & SOBO, L.L.P., as and for the Verified Complaint, herein alleges the following:

      1. That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Orange, State of New York.

      2. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, STORE # 1959., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

      3. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, STORE # 1959., was and still is a foreign corporation duly authorized to do business within the State of New York.

      4. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, STORE # 1959., was and still is a business entity doing business within the State of New York.

      5. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART STORES EAST, LP., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

6. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART STORES EAST, L.P., was and still is a foreign corporation duly authorized to do business within the State of New York.

7. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART STORES EAST, L.P., was and still is a business entity doing business within the State of New York.

8. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART, INC, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

9. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART, INC, was and still is a foreign corporation duly authorized to do business within the State of New York.

10. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART, INC, was and still is a business entity doing business within the State of New York.

11. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, STORE # 1959, was the owner of a certain premises located at 470 NY-211 E, City of Middletown, County of Orange, State of New York, known as "Walmart Supercenter".

12. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, STORE # 1959., maintained the aforesaid premises.

13. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, STORE # 1959., managed the aforesaid premises.

14. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, STORE # 1959., controlled the aforesaid premises.

15. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, STORE # 1959., operated the aforesaid premises.

16. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, STORE # 1959, was the lessee of the aforesaid premises.

17. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER, STORE # 1959, was the lessor of the aforesaid premises.

18. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART STORES EAST, LP.,., was the owner of a certain premises located at 470 NY-211 E, City of Middletown, County of Orange, State of New York, known as "Walmart Supercenter".

19. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART STORES EAST, LP.,., maintained the aforesaid premises.

20. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART STORES EAST, LP.,., managed the aforesaid premises.

21. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART STORES EAST, LP.,., controlled the aforesaid premises.

22. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART STORES EAST, LP.,., operated the aforesaid premises.

23. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART STORES EAST, LP.,., was the lessee of the aforesaid premises.

24. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART STORES EAST, LP.,# 1959, was the lessor of the aforesaid premises.

25. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART, INC., was the owner of a certain premises located at 470 NY-211 East, City of Middletown, County of Orange, State of New York, known as "Shoprite of Chester."

26. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART, INC., maintained the aforesaid premises.

27. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART, INC., managed the aforesaid premises.

28. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART, INC., controlled the aforesaid premises.

29. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART, INC., operated the aforesaid premises.

30. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART, INC., was the lessee of the aforesaid premises.

31. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART, INC., was the lessor of the aforesaid premises.

32. That on or about the 18th day of December, 2018, while this plaintiff was lawfully upon the aforesaid premises, where she was caused to be violently precipitate to the ground near the sidewalk/entrance area, thereby causing severe and serious personal injuries.

33. The negligent, wanton, reckless and careless acts of the defendants, their agents, servants and/or employees were a cause of the accident and resultant injuries.

34. That the defendants, their agents, servants and/or employees were negligent, wanton, reckless and careless in, among other things, allowing, causing and/or permitting dangerous, hazardous, and/or unsafe conditions to exist on the aforesaid premises; in acting with reckless disregard for the safety of others; in negligently hiring, training, retaining, and supervising their agents, servants, and/or employees; and the defendants, their agents, servants and/or employees were in other ways negligent, wanton, reckless and careless.

35. That the defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and/or defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the incident and in the exercise of reasonable care, the defendants could have and should have had knowledge and notice thereof and further, the defendants, their agents, servants and/or employees created said condition.

36. The limited liability provisions of CPLR 1601 do not apply pursuant to the exceptions of CPLR 1602, including, but not limited to, 1602(2)(iv), 1602(7) and 1602(11).

37. That by reason of the foregoing, this plaintiff was caused to sustain severe and serious personal injuries to her mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, this plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; the plaintiff further was caused to lose substantial periods of

time from her normal vocation and activities, and upon information and belief, may continue in that way into the future and suffer similar losses.

38. That by reason of the foregoing, this plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

WHEREFORE, plaintiff demands judgment against the defendants, and each of them, as follows:

A sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, together with the costs and disbursements of this action.

DATED: May 6, 2021
Middletown, New York

William J. Thonus, Esq.
SOBO & SOBO, LLP
Attorneys for Plaintiff
One Dolson Avenue
Middletown, NY 10940
(845) 343-7626

TO: WALMART SUPERCENTER, STORE # 1959
C/o Personal Service
407 NY-211 East
Middletown, New York 10940

WALMART STORES EAST, LP
C/o Secretary of State
702 SW 8Th Street
Bentonville, Arkansas 72716

WALMART, INC.
C/o Secretary of State
28 Liberty Street
New York, New York 10005

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 05/07/2021

## VERIFICATION

STATE OF NEW YORK, COUNTY OF ORANGE    ss:

Robin Parker, being duly sworn says; I am one of the plaintiffs in the action herein; I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

*Robin Parker*
Robin Parker;

Sworn to before me on this
April 30, 2021

NOTARY PUBLIC

WILLIAM THONUS
Notary Public, State of New York
No. 02TH6328121
Qualified in Orange County
Commission Expires July 27, 2023

WM 21-342 TO
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

---------------------------------------------------------------------X

ROBIN PARKER,

Plaintiff,

-against-

WALMART SUPERCENTER, STORE # 1959,
WALMART STORES EAST, LP and
WALMART, INC.,

Defendants.

---------------------------------------------------------------------X

Index No.: EF003053-2021

**VERIFIED ANSWER**

The defendant, WAL-MART STORES EAST, LP i/s/h/a "WALMART SUPERCENTER, STORE # 1959, WALMART STORES EAST, LP and WALMART, INC.", by its attorneys, BRODY, O'CONNOR & O'CONNOR, ESQS., answering the Verified Complaint herein states upon information and belief:

FIRST: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "1", and each and every part thereof.

SECOND: Defendant denies the allegations set forth in paragraphs marked "2", "3", "4", "5", "6", "7", "8", "9", and "10", except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York.

THIRD: Defendant denies the allegations set forth in paragraphs marked "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", and "31", except admits that WAL-MART STORES EAST, LP is a sublessee of that portion of the premises comprising the Wal-Mart store in Middletown, New York and is the operator of that Wal-Mart store, leaving all questions of fact to the trier of fact and all questions of law to the Court.

FOURTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "32", and each and every part thereof.

FIFTH: Defendant denies the allegations set forth in paragraphs marked "33", "34", and "35", and each and every part thereof.

SIXTH: Defendant denies the allegations set forth in paragraph marked "36", and respectfully refers all questions of law to the trial Court.

SEVENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "37", and "38", and each and every part thereof.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

EIGHTH: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

NINTH: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages were caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TENTH: Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP i/s/h/a "WALMART SUPERCENTER, STORE # 1959, WALMART STORES EAST, LP and WALMART, INC.", requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
May 25, 2021

        Yours, etc.

        BRODY, O'CONNOR & O'CONNOR, ESQS.
        Attorneys for Defendant

        By:  s/
            PATRICIA A. O'CONNOR
            7 Bayview Avenue
            Northport, New York 11768
            (631) 261-7778
            File No.: WM 21-342 TO

TO:  SOBO & SOBO, LLP
     Attorneys for Plaintiff
     One Dolson Avenue
     Middletown, New York 10940
     (845) 343-47626

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The grounds of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences had with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
       May 25, 2021

                                    PATRICIA A. O'CONNOR